POMERENE, J.
The case of the Trustees of the Reformed Church of Union *660 town v. The Executor of the Estate of John G. Wise, was submitted upon error, together with the other case of Rebecca Wise’s Administrator v. The Same Executor. Both cases involving the same question, were submitted to the court, and argued together, and the disposition of one, at least the disposition of the case of Rebecca Wise’s Administrator v. Stull, will also decide the other case.
It comes up under a demurrer to the petition in the first case — ‘amended petition; and in the second case there is a demurrer to the petition of the plaintiff, and also to an answer and cross-petition of certain defendants, being the heirs of Rebecca Wise. *
It presents about this state of facts: That in 1878, John G. Wise and Rebecca Wise were husband and wife, living together, each owning property in their own right. John G. Wise being the owner of a farm of one hundred and twelve (112) acres of land in this county; Rebecca Wise being the owner cf a town lot in this county. That they on the same day made wills, eaoh of them making a will, which was done in pursuance of an agreement entered into. It was stated that this agreement and these wills were written by the late Judge Meyer, who certainly understood how to write a will and how to write an agreement, and who understood the English languge.
The view that we have come to on the question presented is based materially upon this agreement. Counsel for the plaintiff in both cases seek to recover upon the agreement rather instead of the will. Now this agreement reads as follows — wills and agreements are of the same date,executed,no doubt, at rhe same time: “The undersigned, husband and wife, have eaoh this day executed a last .vill and testament, making disposition of the property which they severally own; and it is hereby declared such were executed under an arrangement previously entered into between the undersigned, by the terms of which it was agreed that neither party, should gain more by reason of an existing law than the provisions made for him or her in the other’s will. That such wills should be unalterable and irrevocable in so*far as relates to the interest of each party, the'ir heirs or legatees in the property of the other as the same has been fixed by said will. And it is also declared that eaoh of said wills was executed in consideration of the execuiion of the other.”
Now, Rebecca Wise, at the time of making her will, which was in 1878, gives to her husband a life estate in the house and lot of which she was then the owner; she gives to the *661 Reformed Church one thousand dollars, and two hundred dollars to the family monument. The provisions of John G-. V/ise’s will, as it appears, were that he gave to his wife, Mrs. Rebecca Wise, an undivided fourth of his real estate, ■one hundred and twelve acres, five hundred dollars to the church, and three hundred dollars to the family monument.
Now, after this will was made, as stated, in 1878, in August 15, 1881, Rebeoca Wise died, without any change or any alteration in the will. Her will was admitted to probate and the provisions carried out.
John G. Wise continued to occupy and enjoy this property, -the house and lot, up until the time of his death; but in December, 1891, he changed his will — does not give the five hundred dollars to the ohuroh, and does not give to the heirs of Rebecca Wise the one-fourth of his real estate; but ■before this time, perhaps, after the execution of the will, •and after the death of Rebecca Wise,he sells this real estate.
Now, the administiator of Rebecca Wise with the will annexed, and also her heir*, come in claiming the one-fourth of his real estate under this will and under this contract. 'The question is, are they entitled to recover?
The purchaser of the real estate, being conceded to be an innocent purchaser, not knowing of this contract nor of these wills, the title passed to him; their claim is to the one-fourth of this fund, or the one-fourth of the value of this one hundred and twelve acres. That calls upon the court ior a construction of this contract; as to what this contract in fact means — what was intended by the parties.
It is a principle and a rule that parties entering into a contract make their contract with reference to the law then in force with reference to that. And what was the law at this time with reference to the rights of these parties as husband ■and wife?
As to the wife, on the death of her husband, she surviving him, she was entitled to hold the one-third of his real estate, as her dower during her life. As to the husband, he was entitled to hold this property, all her real estate, during his life. That is the situation. He no doubt knew it. We have a right to suppose he did know it.
Now, how do they contract with reference to themselves in that particular? The will executed at this same time gave to this Rebecca Wise and her heirs one-fourth cf his real •estate; that is, afee in the one-fourth, the dower interest being one-third of the real estate during her life. He gets exactly what the law would have given him. He gets the use *662 of this house and lot during his life. He would have got that by the law. It does not appear, so far as I have been able to notice, and I do not know that it has anything to do with the question at issue here, as to what other property these persons may have had. These legaoies which I have mentioned, are the ones whioli are set up and undertaken to be enforced.
Now, by the terms of this contract, it was agreed that neither party should claim more by reason of any existing laws, than the provisions made for him or her in the other’s will.
That is one thing in the contract. Another thing, they oontraot here that such will should be unalterable or irrevocable, in so'far as relates to the interest of each party, their heirs or legatees, in the property of the other, as the same has been fixed by said wills.
New, as to that provision, that it shall be unalterable or irrevocable, does that apply to all the legacies or all the provisions of the will, or was it intended to apply simply to that which was given to the husband, and to that which was given to the wife? If it was intended to apply to all the legacies, devises and gifts, it would have been sufficient tc have said so, and it seems to us that the scrivener would have said here that “such will shall be unalterable or irrevocable;” but he says “in so far as relates to the interest of each party.” Now, the interest of each party is that which they get by the will. It seems to us it could have nc reference to that which was given to the church, but that given to each other.
Rebecca Wiso dies in 1881; her husband enjoys this estate; he gets nothing more than the law would have given him. Upon her death, what becomes of this legacy? That is, the legacy which he gave in his will — the one-fourth of his real estate? Now, we think clearly by the common law, and the statute, section 5971, I believe, does not change the common law in this respect, that this legacy to her lapsed. So then, if this will had not been revoked that was made in 1887, but had remained at the time of the death of John G. Wise, and had been probated, what would have been the result? Would her heirs have taken anything under this devise? We think not. Then, if the heirs of Rebecca Wise, being her brothers and sisters, and legal representatives, come up and file the answer aud cross-petition — if they could get nothing then by the will, could th^y have anything then by this contract- — when the contract provides for the mak *663 ing of the will, agreement to make a will under those provisions?
Turner & Webber, for Plaintiff in Error.
Willison & Day, for Defendant in Error.
Now, our construction of this contract is, that these provisions “unalterable and irrevocable in so far as it relates to the parties in interest,” were what was intended by the parties at that time; and that this contract could have no greater force than if the will had been allowed to remain in force.
This being the case, we do not see how it is possible that the administrator of Rebecca Wise or her heirs have any interest in his will, or can claim any interest; and therefore we think that the demurrer was properly sustained in both cases; and the judgment will be affirmed.
I might add that we examined nearly all the authorities submitted in' the case, and while we recognize the rule there, this is presented upon a construction of a contract.